# Supreme Court of Florida

_____

No. SC2023-0108

_____

**IN RE: AMENDMENT TO RULE REGULATING THE FLORIDA BAR 3-5.2.**

August 31, 2023

PER CURIAM.

The Court, on its own motion, is considering an amendment to Rule Regulating The Florida Bar 3-5.2 (Emergency Suspension and Interim Probation or Interim Placement on the Inactive List for Incapacity Not Related to Misconduct).[1]

Previously, this Court asked the Bar to consider proposing amendments to Bar Rule 3-5.2 to allow temporary suspension orders to be issued in cases where an attorney has been charged with a felony by indictment or information in state or federal court. The Bar prepared a proposal responsive to the Court's letter, but after reviewing the Bar's petition, we declined to amend Bar Rule 3-

_____

1. We have jurisdiction. _See_ art. V, § 15, Fla. Const.; R. Regulating Fla. Bar 1-12.1.

5.2 at that time. We later proposed an alternative amendment to the rule, which we published for comment in the February 2023 edition of *The Florida Bar News*. Comments were received from the Bar, the Florida Public Defender Association, and the Florida Association of Criminal Defense Lawyers. Having considered the sua sponte proposal and the comments received, we hereby adopt the amendment with one modification.

Bar Rule 3-5.2(a)(1) currently states that on petition from the Bar, and as supported by one or more affidavits, this Court may suspend a lawyer on an emergency basis when the facts alleged in the affidavit(s), if unrebutted, show clearly and convincingly that the lawyer appears to be causing great public harm. This Court proposed adding a sentence stating that a felony charge alleging conduct reflecting adversely on the lawyer's fitness to practice law can constitute clear and convincing evidence that the lawyer's continued practice of law would cause great public harm. In consideration of the comments received following publication, we modify this new sentence to clarify that the felony charge underlying the suspension must be "by an indictment or information in state or federal court."

Accordingly, we amend the Rules Regulating The Florida Bar as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendment shall become effective October 30, 2023, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS AMENDMENT.

Original Proceeding – Florida Rules Regulating The Florida Bar

Joshua E. Doyle, Executive Director, F. Scott Westheimer, President, Roland Sanchez-Medina, Jr., President-elect, and Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, The Florida Bar, Tallahassee, Florida; Howard L. "Rex" Dimmig, II, on behalf of the Florida Public Defender Association, Inc., Bartow, Florida; and Jason Cromey on behalf of the Florida Association of Criminal Defense Lawyers, Pensacola, Florida,

Responding with comments

**APPENDIX**

**RULE 3-5.2.   EMERGENCY SUSPENSION AND INTERIM PROBATION OR INTERIM PLACEMENT ON THE INACTIVE LIST FOR INCAPACITY NOT RELATED TO MISCONDUCT**

**(a) Petition for Emergency Suspension.**

(1) *Great Public Harm.* The Supreme Court of Florida may issue an order suspending the lawyer on an emergency basis on petition of The Florida Bar, authorized by its president, president-elect, or executive director and supported by 1 or more affidavits demonstrating facts personally known to the affiants that, if unrebutted, would establish clearly and convincingly that a lawyer appears to be causing great public harm. The fact that a lawyer has been charged with a felony by an indictment or information in state or federal court may, for the purposes of this rule, constitute clear and convincing evidence that the lawyer's continued practice of law would cause great public harm when such felony charge alleges conduct reflecting adversely on the lawyer's fitness to practice law.

(2)-(3) [No Change]

**(b) – (n) [No Change]**